429 A.2d 685

**COMMONWEALTH of Pennsylvania**

v.

**Lamont HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed May 8, 1981.

Petition for Allowance of Appeal Denied Aug. 21, 1981.

---

602

John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

DiSALLE, Judge:

This appeal follows appellant Lamont Harris's non-jury conviction on one information, guilty pleas to two other informations, and subsequent sentences of 13 to 32 years imprisonment.

On February 16, 1977, in a non-jury trial on the first information, Judge Henry Smith, Jr. found appellant guilty of two counts of robbery,[1] two counts of burglary,[2] two counts of theft,[3] one count of aggravated assault,[4] one count of simple assault,[5] and one count of criminal conspiracy.[6]

1.  18 Pa.C.S.A. § 3701.

2.  18 Pa.C.S.A. § 3502.

3.  18 Pa.C.S.A. § 3901.

4.  18 Pa.C.S.A. § 2702.

5.  18 Pa.C.S.A. § 2701.

6.  18 Pa.C.S.A. § 903.

On March 16, 1977, again before Judge Smith, appellant and co-defendant, Frank Johnson, pled guilty to the two other informations. Each information consisted of four counts of robbery, two counts of simple assault, two counts of criminal conspiracy, three counts of recklessly endangering another person,[7] and one count of violating the Uniform Firearms Act.[8]

■ Before the court accepted the guilty pleas of the two defendants, colloquies on both informations were conducted, first with Frank Johnson, then with appellant. The colloquy with Frank Johnson was complete and proper. Pa.R.Crim.P. 319(a). At all times during the colloquy with Frank Johnson, appellant was present in the courtroom, standing next to Johnson. The colloquy with appellant was also complete except that it lacked any explanation of the elements of the crimes of robbery and conspiracy. Appellant argues that these oversights were fatal to his plea of guilty because they prevented his plea from being made knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 274 (1969).

Appellant cites *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), for the proposition that Pa.R.Crim.Pa. 319(a) requires that the defendant "be told more than just that he has been charged with murder or robbery. . . . Thus for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime were outlined in understandable terms." *Id.*, 455 Pa. at 203–4, 316 A.2d at 80. Appellant contends, therefore, that when two or more defendants are charged with identical crimes arising out of the same circumstances, each co-defendant must be given a separate and complete colloquy, regardless of the fact that each defendant is present and hears the colloquy given to the co-defendant(s). We reject this argument and hold that under the circumstances of this

7.  18 Pa.C.S.A. § 2705.

8.  18 Pa.C.S.A. § 6106.

case, the colloquy given to the appellant was sufficient. *See generally Commonwealth v. Johnson*, 460 Pa. 169, 331 A.2d 473 (1973);[9] *Commonwealth v. Nelson*, 455 Pa. 461, 317 A.2d 228 (1974);[10] *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).[11]

In the present case, the record indicates not only that appellant heard the colloquy given to his co-defendant, but also that he understood the elements of the crimes with which he was charged. That appellant was present and heard the colloquy with his co-defendant is apparent from the following exchanges:

Appellant's Attorney: "Understand that robbery—did you hear Mr. Stitt [co-defendant's attorney] in his colloquy with Mr. Johnson?"

Appellant: "Yes." [12]

And later:

**9.** "The guilty plea colloquy must be considered in light of the overall objective which is to insure that the plea is made with an understanding of the charges and an awareness of the consequences. *Commonwealth v. McNeill*, 453 Pa. 102, 106, 305 A.2d 51 (1973)." *Johnson*, 460 Pa. at 174, 331 A.2d at 477.

**10.** "Before accepting a plea of guilty to a criminal indictment, the court is required to satisfy itself there is a factual basis for the plea of guilt. See Rule 319, Penna. Rules of Criminal Procedure, 19 P.S. Appendix; *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973), and *Commonwealth v. Jackson*, 450 Pa. 417, 299 A.2d 209 (1973). And, while it may be more advisable for the court to elicit from the accused personally the factual basis for the guilty plea, the failure to follow this procedure is not sufficient to invalidate the plea, if during the plea proceedings the facts of the crime and the factual basis for the plea are placed on the record *in the presence of the accused and the court*. Cf. *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973), and *Commonwealth v. Maddox*, supra. If this is done, the purpose of Rule 319 is satisfied." *Nelson*, 455 Pa. at 463–4, 317 A.2d at 229.

**11.** "The importance of the colloquy is to demonstrate that defendant's action is taken voluntarily and intelligently . . . the essential element is therefore a recorded demonstration that the defendant is fully aware of the ramifications of his actions and is entering his plea voluntarily." *Ingram*, 455 Pa. at 200, 316 A.2d at 78.

**12.** Plea hearing transcript, at 19.

Appellant's Attorney: "And count 8, conspiracy. Did you hear Mr. Frank Johnson before you say he conspired with Lamont Harris to commit this robbery? Did you hear him testify to that?"

Appellant: "Yes." [13]

It is also clear from the record that appellant understood the colloquy with his co-defendant, despite the court's failure to directly ask appellant if he understood that colloquy. His answers to the colloquy, as a whole, demonstrated an understanding of the elements of the crimes of robbery and conspiracy and the acts he performed in committing those crimes. In addition, two other factors must be considered. First, appellant, after he pled guilty, heard the testimony of four city police officers who recited what actions appellant and Frank Johnson had done in committing the crimes with which they were charged. After hearing this testimony appellant again pled guilty and signed the informations. Second, Judge Smith had personally tried and convicted appellant just one month earlier on similar charges. Thus, it is clear that the appellant knew and understood full well the nature of the charges against him.

If it clearly appears from the record that a defendant fully understood the elements of the crimes with which he was charged, and voluntarily pled guilty to them, then the requirements of *Boykin, Ingram*, and Rule 319(a) have been met. The rule that a complete colloquy be given to each defendant, is not an end in itself; rather, it is intended to protect a defendant's constitutional rights, so that each defendant understands his or her constitutional rights and knowingly and voluntarily waives those rights. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There is, however, no constitutionally prescribed form for how these rights are to be protected.[14]

**13.** Plea hearing transcript, at 21–22.

**14.** *See Commonwealth ex. rel. v. Myers*, 423 Pa. 1, 222 A.2d 918 (1966).

608

■   The test then, in cases where pleas are being made by several defendants at the same time, is whether the judge, on the record, has satisfied himself that each defendant understands his rights, understands the effect of having waived his rights, and voluntarily waives those rights.[15]   In the present case it is clear that appellant understood his rights, voluntarily waived them, and, with the assistance of counsel, pled guilty.

■   Appellant raises several other arguments on this appeal.   He argues that the failure of the trial judge to inform him of his right to a non-jury trial prevented him from knowingly pleading guilty.   The right to a non-jury trial is not a constitutionally guaranteed right and has never been a required part of a colloquy in this Commonwealth.   *See* Pa.R.Crim.P. 319(a) comments.   Further, appellant was well aware of his right to a non-jury trial, having heard this explained in his co-defendant's colloquy and, significantly, less than one month earlier, having himself been the defendant in a non-jury trial.

■   Appellant argues that promises by his trial counsel misled him into pleading guilty, because counsel had advised him that it was better to have the same judge sentence him and that Judge Smith had a reputation for leniency.   Reliance on counsel's advice as to the likely consequences of a guilty plea does not render the plea involuntary and is not grounds for the withdrawal of a plea.   *Commonwealth v. Williams*, 442 Pa. 431, 275 A.2d 103 (1971).

■   Next, appellant argues that the trial court should have allowed him to withdraw his guilty plea because some statements made by him were inconsistent with his guilty plea and demonstrated that the plea was not voluntary. Our review of the record satisfies us that these statements were not inconsistent with appellant's guilty plea; rather, they raised an ambiguity which Judge Smith properly ques-

**15.**   If the colloquy given to the first co-defendant is deficient such that his guilty plea cannot be accepted, then a fortiori it is deficient as to the second co-defendant.   Of course, the better practice is to give complete and separate colloquies to all co-defendants.

tioned, clarified, and dismissed. In addition, appellant's petition for withdrawal of his guilty plea came after he was sentenced. Relief at this time will be granted only if the appellant can show "manifest injustice." *Commonwealth v. Rosmon*, 477 Pa. 540, 384 A.2d 1221 (1978). Appellant has failed to meet this burden and his petition was properly denied.

■ Lastly, appellant's Petition for Reconsideration of Sentence was also properly denied. "[S]entence imposed upon a defendant will not be reviewed by the appellate court, unless it exceeds the statutorily proscribed limits or is so manifestly excessive as to constitute too severe a punishment." *Commonwealth v. Wrona*, 442 Pa. 201, 206, 275 A.2d 78, 81 (1971). The fact that appellant's co-defendant received a lesser sentence does not necessarily lead to the conclusion that appellant's sentence was too harsh. The trial court gave sufficient reasons for its respective sentences, including, but not limited to, a consideration of appellant's past criminal history, his failure to make use of the past opportunities made available to him at several juvenile institutions, and the violence of the crimes for which he was being sentenced. Further, it is the policy of the Commonwealth to provide "individual sentencing" for defendants to permit more just sentencing. *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

Orders of court and judgments of sentence affirmed.