453 A.2d 5

**COMMONWEALTH of Pennsylvania,**

v.

**Eddie WARREN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 1982.

Filed Nov. 30, 1982.

222

Frank H. Morgan, Ardmore, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

Eddie Warren entered negotiated pleas of guilty to burglary and conspiracy on March 18, 1977. He was sentenced to a term of imprisonment of not less than three nor more than 23 months for burglary, to be followed by a three year period of probation for conspiracy. He filed neither post-sentencing motion nor direct appeal. During the period of his probation, Warren was arrested and charged with robbery and burglary. Following a hearing, his probation was revoked, and he was sentenced to prison for not less than three nor more than ten years. He then filed a P.C.H.A.

petition in which he sought to withdraw his original pleas of guilty. In support thereof he alleged that he had received ineffective assistance of counsel because counsel had failed (1) to advise him of his constitutional rights prior to entering pleas of guilty and (2) to object to the fact that the informations contained only a rubber stamp facsimile of the District Attorney's signature. A hearing was held, and the P.C.H.A. petition was denied on June 3, 1980. This appeal followed.

■ Appellant's petition was filed three years after sentence had been imposed. "When considering a petition to withdraw a guilty plea submitted to a trial court *after sentencing* . . . 'a showing of prejudice on the order of manifest injustice' . . . is required before withdrawal is properly justified." *Commonwealth v. Shaffer,* 498 Pa. 342, 346, 446 A.2d 591, 593 (1982) (citations omitted). See also: *Commonwealth v. Starr,* 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). Accord: *Commonwealth v. May,* 485 Pa. 371, 373 n. 2, 402 A.2d 1008, 1009 n. 2 (1979). Manifest injustice requires a showing that "'the plea was involuntary, or was entered without knowledge of the charge.'" *Commonwealth v. Shaffer, supra,* quoting American Bar Association Standards for Criminal Justice, Pleas of Guilty (2d ed. 1980), Standard 14–2.1(b)(ii)(C) relating to Withdrawal of Pleas.

■ In the instant case, appellant has made no such showing. Although appellant contends that the guilty plea colloquy was defective because the elements of the offense were not recited, his contention is refuted by the record. Appellant's pleas of guilty were entered simultaneously with pleas of guilty by his co-defendant, Larry Williams. Appellant was present and heard the colloquy conducted with Williams and acknowledged his understanding. The record discloses that the elements of burglary and conspiracy were stated not once, but twice. During the first colloquy, moreover, the right to trial by jury, including the right to remain silent, and also the right of appeal from a conviction and the right to be represented by counsel on appeal were fully explained.

In *Commonwealth v. Harris,* 286 Pa.Super. 601, 429 A.2d 685 (1981), this Court specifically rejected the argument that

separate and complete colloquies must be given to each of two co-defendants entering pleas of guilty at the same time. "The rule that a complete colloquy be given to each defendant, is not an end in itself; rather, it is intended to protect a defendant's constitutional rights, so that each defendant understands his or her constitutional rights and knowingly and voluntarily waives those rights." *Id.,* 286 Pa.Superior Ct. at 607, 429 A.2d at 688.

■ Appellant also contends that the colloquy was inadequate because it did not include advice concerning a right to trial without jury. However, "[t]he right to a non-jury trial is not a constitutionally guaranteed right and has never been a required part of a colloquy in this Commonwealth." *Commonwealth v. Harris, supra,* 286 Pa.Superior Ct. at 608, 429 A.2d at 689.

The record demonstrates clearly that appellant's pleas of guilty to burglary and conspiracy were entered knowingly, intelligently and voluntarily. Thus, counsel was not ineffective, and appellant demonstrated no persuasive reason for permitting him to withdraw his pleas of guilty. Moreover, he has failed to explain in any satisfactory way the delay of three years in filing a petition to withdraw these pleas. *Commonwealth v. Shaffer, supra,* 498 Pa. at 354, 446 A.2d at 597 (Concurring Opinion by Roberts, J.).

Appellant's second objection to counsel's stewardship pertains to a failure to object to informations which bore only a rubber stamp facsimile signature of the District Attorney. "In determining whether counsel was constitutionally ineffective, 'we examine counsel's stewardship under the standards as they existed at the time of his actions, and counsel will not be deemed ineffective for failing to predict future developments in the law.' *Commonwealth v. Triplett,* 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977)." *Commonwealth v. Jefferson,* 274 Pa.Super. 140, 147, 418 A.2d 335, 338 (1979).

■ The informations in this case were filed on October 21, 1976. At that time there was no Pennsylvania decision holding that Pa.R.Crim.P. 225(b), which requires that "[t]he

information shall be signed by the attorney for the Commonwealth . . . ," precluded the use of a rubber stamp signature by the District Attorney. Only subsequent decisions have held that a rubber stamp facsimile of the District Attorney's signature is not a proper signature. See: *Commonwealth v. Emanuel,* 285 Pa.Super. 594, 428 A.2d 204 (1981).[1] See also: *Commonwealth v. Contakos,* 492 Pa. 465, 424 A.2d 1284 (1981); *Commonwealth v. Dupree,* 290 Pa.Super. 202, 434 A.2d 201 (1981); *Commonwealth v. Levenson,* 282 Pa.Super. 406, 422 A.2d 1355 (1980). When counsel for appellant reviewed the instant information for adequacy, he did not then have the benefit of these decisions. His course of conduct must be examined under the standards existing at the time of his action. We will not hold counsel constitutionally ineffective merely because he failed to anticipate later appellate court decisions. To do so would be illogical and unfair, and we do not do so. See: *Commonwealth v. Brinton,* 303 Pa.Super. 14, 21, 449 A.2d 54, 57–58 (1982).

The order denying appellant's P.C.H.A. Petition is affirmed.

1. The effect of a rubber stamp facsimile of a District Attorney's signature has been argued before the Superior Court en banc and is awaiting decision.