595 A.2d 1280

COMMONWEALTH of Pennsylvania

v.

Kevin HARVEY, Appellant.

Superior Court of Pennsylvania.

Submitted April 15, 1991.

Filed Aug. 30, 1991.

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before ROWLEY, President Judge and KELLY and BROSKY, JJ.

KELLY, Judge:

In this opinion we are called upon to determine whether a guilty plea colloquy which fails to inform a defendant of the possibility of severing consolidated charges is deficient. We find that the absence of this information does not render a guilty plea invalid, and we affirm.

The facts and procedural history may be summarized as follows. On March 22, 1988, after an extensive colloquy, appellant entered a negotiated guilty plea to six counts of burglary, one count of robbery and one count of conspiracy. These crimes stemmed from events which occurred between 1985 and 1988. A negotiated, aggregate sentence of eight years to twenty years incarceration was imposed. No direct appeal was taken, nor was any petition to modify the sentence or to withdraw the guilty plea filed.

On April 27, 1988, appellant filed a *pro se* PCRA petition alleging, *inter alia*, ineffective assistance of plea counsel in that counsel had unlawfully induced appellant to plead guilty.[1] Appellant sought the following relief: release from custody and discharge and/or original appellate rights restored. (Post Conviction Hearing Act Petition filed 4/27/88, p. 5). On August 18, 1988, an amended PCRA petition was filed by appointed counsel alleging, *inter alia*, that appellant had not been informed, prior to entering the guilty pleas, that he was entitled to receive a separate trial for each charge. In the amended petition, appellant requested the Court, *inter alia*, to permit him to withdraw his guilty plea and to order that he be tried separately on each burglary charge.

The Commonwealth filed a motion to dismiss requesting the court to dismiss appellant's PCRA petition without an

---

1. The Post Conviction Hearing Act has been modified in part, repealed in part and renamed the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541 *et seq.*, effective April 13, 1988. The new provision applies to all actions for collateral relief instituted on or after the effective date. We note that appellant's petition was filed after April 13, 1988. Thus it will be evaluated under the PCRA, despite the erroneous labels pertaining to the PCHA on the petition and counsel's subsequent filings.

evidentiary hearing or, in the alternative, to compel further specific pleadings. The trial court, thereafter, entered an order requiring further specificity of the amended PCRA petition. Appellant filed a response. On February 7, 1989, the trial court held a brief hearing on the Commonwealth's motion to dismiss, which was attended by both counsel for the Commonwealth and for appellant. On May 29, 1990, the trial court entered an order denying appellant's petition. This timely appeal followed.

The sole issue for our review raised by appellant is:

I. CAN APPELLANT WITHDRAW HIS GUILTY PLEA IF HIS COUNSEL WAS INEFFECTIVE IN FAILING TO INFORM OR HAVE THE TRIAL COURT INFORM APPELLANT THAT HIS OF-FENSES COULD BE SEVERED?

Appellant's Brief at 6. Appellant requests this Court to enter an order that all guilty pleas entered by him are invalid and to remand this matter to the trial court for new trials. This, we cannot do.

A plea of guilty usually constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the plea. *See Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987). A party who seeks to withdraw a plea of guilty must ordinarily file a motion to withdraw the plea in the trial court. *See Commonwealth v. Miller*, 495 Pa. 177, 179, 433 A.2d 1, 2 (1981); *Commonwealth v. Dowling*, 482 Pa. 608, 609–610, 394 A.2d 488, 489 (1978); *Commonwealth v. Lee*, 460 Pa. 324, 327 n. 1, 333 A.2d 749, 750 n. 1 (1975); Pa.R.Crim.P. 319–321. In order to withdraw a guilty plea after sentencing, appellant must show a manifest injustice. *Commonwealth v. Khorey*, 521 Pa. 1, 8, 555 A.2d 100, 104 (1989), *citing Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982); *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973).

Instantly, appellant challenges his guilty plea on the basis that it was induced by ineffective assistance of coun-

sel. Specifically, appellant claims that his counsel was ineffective in failing to insure his awareness of the fact that he could have sought to sever the charges brought against him. Because he was not aware of this fact, appellant argues, his plea was unknowingly and unintelligently entered into. We cannot agree.

■ Claims of unlawfully induced guilty pleas based on ineffective assistance have previously been entertained. *See Commonwealth v. Miller, supra; Commonwealth v. Unger,* 494 Pa. 592, 597 n. 4, 432 A.2d 146, 148 n. 4 (1980); *Commonwealth v. Knox,* 304 Pa.Super. 368, 372, 450 A.2d 725, 727 (1982).[2] To be successful, appellant must show that the ineffectiveness caused him to enter an involuntary or unknowing plea. *Commonwealth v. Lutz,* 492 Pa. 500, 505–506, 424 A.2d 1302, 1305 (1981). To do so, of course, appellant must establish:

> by act or omission counsel was arguably ineffective; counsel's act or omission could not have had a reasonable basis designed to effectuate appellant's interests; and appellant was prejudiced by the act or omission in that but for the arguably ineffective act or omission there is a reasonable probability that the result would have been different.

*Commonwealth v. Thomas,* 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990) (citations omitted) (collecting cases).

**2.** We note additionally that the instant claim is cognizable under the PCRA. Although claims of ineffectiveness based solely on counsel's failure to file a motion to sever offenses which stem from the same criminal incident have been held as not cognizable under the PCRA, *see Commonwealth v. Pitts,* 397 Pa.Super. 387, 393, 580 A.2d 352, 355 (1990), this is true only where the ineffectiveness alleged cannot be seen to undermine "the truth determining process so that no *reliable* adjudication of guilt could have taken place." *Commonwealth v. Pitts, supra,* 580 A.2d at 355 (emphasis in original); *see* 42 Pa.C.S.A. § 9543(a)(2)(ii). Here, however, the alleged ineffectiveness is in failing to inform appellant of the possibility of motioning to sever charges based on *several separate incidents.* In cases such as this, the argument that the jury could have been unduly prejudiced by the sheer number of charges pending before the court at once challenges the truth determining process. *See Commonwealth v. Thomas,* 361 Pa.Super. 1, 7–8, 521 A.2d 442, 446 (1987); *Commonwealth v. Peterson,* 453 Pa. 187, 194, 307 A.2d 264, 267–269 (1973).

 It is well settled that to be lawful, a guilty plea must include inquiry as to whether:

(1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has a right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement.

*Commonwealth v. Cole,* 387 Pa.Super. 328, 336, 564 A.2d 203, 206–207 (1989) (en banc), *citing Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977); Pa.R.Crim.P. 319; *see also Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). Although it is clear that appellant's colloquy comported with all of the above requirements,[3] appellant contends that the possibility of severance should be added to the list.

After a thorough review of the relevant authorities, we have found no support for appellant's proposition that recitation of this additional information is necessary to establish the validity of a guilty plea colloquy, and no reason to accept appellant's invitation to make it necessary herein. The trial court has never been required to inform the defendant of the discretionary aspects of the trial proceedings.[4] Nor has the guilty plea colloquy been required to

---

**3.** We note additionally that appellant's extensive colloquy included many items which are not required. *See e.g.* N.T. 3/22/88 at 10 (jury verdict must be unanimous); *Id.* at 9–10 (non-jury trial available); *Id.* at 19 (appealability of guilty plea).

**4.** The Pennsylvania Supreme Court has stated that the court need not go into all the details of a jury trial in the colloquy. *Commonwealth v. Anthony,* 504 Pa. 551, 560 n. 4, 475 A.2d 1303, 1308 n. 4 (1984). In this regard, Justice McDermott has noted, "[A]dding more elements to the colloquy in order to clarify the procedures for the defendant only increases the complexity which causes the confusion. Moreover, the evolving patchwork of colloquy requirements places an onerous burden of uncertainty on the trial court, and affords numerous grounds for challenges to the content of the colloquy. These attacks, all too often, are used to disguise with legalistic formalism, what is, in

help the defendant set odds on the trial outcome. Rather, as our Supreme Court has made clear, it is "only fundamental rights, such as the right to counsel, [which] require a warning to demonstrate waiver." *Commonwealth v. Khorey, supra,* 521 Pa. at 10, 555 A.2d at 105; *see also Commonwealth v. Warren,* 307 Pa.Super. 221, 224, 453 A.2d 5, 6 (1982); *Commonwealth v. Harris,* 286 Pa.Super. 601, 608, 429 A.2d 685, 688 (1981).

■■■■ The possibility of severance is neither a fundamental nor even an absolute right in Pennsylvania. "The decision to consolidate separate indictments or informations is within the discretion of the trial judge and will be reversed only where there has been a manifest abuse of discretion or a showing of prejudice and clear injustice to the defendant." *Commonwealth v. Thomas,* 361 Pa.Super. 1, 6, 521 A.2d 442, 445 (1987) (citations omitted); *see also Commonwealth v. Morris,* 493 Pa. 164, 175, 425 A.2d 715, 720 (1981); Pa.R.Crim.P. 1127, 1128. It is only where, in the trial court's opinion, the resultant prejudice outweighs the needs of judicial economy that severance is necessary. *Commonwealth v. Thomas, supra,* 361 Pa.Superior Ct. at 6, 521 A.2d at 445 (1987). Although the knowledge of the possibility of severance might help a potential pleader determine the odds of winning at trial, such information is not *in pari passum* with the fundamental rights of a defendant. *Cf. Commonwealth v. Anthony,* 504 Pa. 551, 560 n. 4, 475 A.2d 1303, 1308 n. 4 (1984) (colloquy need not go into all the details of a jury trial, *i.e.,* requirement of unanimity, right to participate in selection of jury, and provenance of juries); *Commonwealth v. Chumley,* 482 Pa. 626, 632–639, 394 A.2d 497, 503 (1978), *cert. denied,* 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979) (need not inform appellant he had a right to a non-jury trial); *Commonwealth v. Klinger,* 323 Pa.Super. 181, 198, 470 A.2d 540, 549 (1983) (colloquy need not inform appellant on right to petition to withdraw

essence, an attempt to obtain a new trial as relief from the sting of a jail sentence." *Commonwealth v. Shaffer,* 498 Pa. 342, 366 n. 1, 446 A.2d 591, 598 n. 1 (1982) (McDermott, J., concurring).

guilty plea); *Commonwealth v. Warren*, 307 Pa.Super. 221, 224, 453 A.2d 5, 6 (1982) (colloquy not inadequate for failing to include advice concerning right to trial without jury); *Commonwealth v. Harris, supra,* 286 Pa.Superior Ct. at 608, 429 A.2d at 688 ("[t]he right to a non-jury trial is not a constitutionally guaranteed right and has never been a required part of a colloquy in this Commonwealth."). Contrary to appellant's assertion, therefore, his professed ignorance of this fact could not have established that his plea was unknowingly or unintelligently entered. *See Commonwealth v. Khorey, supra,* 521 Pa. at 10–11, 555 A.2d at 105.[5]

We conclude, therefore, that appellant's underlying claim of error is without merit. As such, appellant's contention that his plea counsel was ineffective must fail.[6] For the foregoing reasons, therefore, we find that the trial court did not err in denying appellant's PCRA petition.

Order AFFIRMED.

---

**5.** We note that cases can be consolidated where the evidence of a separate crime would be admissible at the trial for another crime, such as evidence which tends to prove a common scheme, plan, or design involving incidents so related to each other that proof of one tends to prove the others. *Commonwealth v. Thomas, supra,* 521 A.2d at 446, *citing Commonwealth v. Peterson,* 453 Pa. 187, 197–198, 307 A.2d 264, 269 (1973); *Commonwealth v. Rhodes,* 250 Pa.Super. 210, 216, 378 A.2d 901, 904 (1977). In view of the fact that appellant's crimes were allegedly committed with a common plan or scheme, it appears that the trial court would have been well within its discretion to deny a motion to sever even if appellant had filed one herein. *See Commonwealth v. Thomas, supra,* 521 A.2d at 445 (all offenses theft-related, with four of five cases involving the burglary of a private home); *Commonwealth v. Lasch,* 464 Pa. 573, 583, 347 A.2d 690, 695 (1975) (five alleged burglaries covered by four separate indictments).

**6.** Moreover, there was a reasonable basis for consolidating all of appellant's offenses into one guilty plea. Had each offense been tried separately, appellant could have been sentenced to 80 to 160 years in prison. There was a factual basis for each of the six separate incidents, and had appellant been sentenced for the crimes of any *one* incident, he faced ten to twenty years. However, with the guilty plea, appellant received merely eight to twenty years. There is little doubt that this bargain effectuated appellant's interests and was not the result of ineffective counsel.