CAVANAUGH, Judge.
Before us is an appeal from the judgment of sentence entered following a plea of guilty by appellant R. David English. Pursuant to a plea agreement, the charge of theft by deception was withdrawn and appellant was sentenced for theft by failure to make required disposition of funds. Appellant argues that his plea was not voluntary and knowing in that he was not aware of the elements of the offense to which he pleaded guilty. We find his guilty plea to be knowing and voluntary and we affirm.
Appellant was sentenced to a term of five to twenty-three months incarceration for his role in soliciting funds for a local business directory. “Information Please” was a corporation made up of appellant and his family. The corporation solicited advertisements for a local, Williamsport area, business directory to be published in January 1987. There were three payment plans utilized by Information Please. The first utilized an escrow account. Advertisers would deposit monies into the escrow account under agreement that they would be returned if the directory was not published by March 15, 1987. The second plan required a lump sum payment for which the customer received a ten per cent discount. The third plan required one third the price at the time the contract was signed, one third at the time proofs were presented, and one third upon publication. More than $56,000 was deposited in the corporate operating account of which, over $42,000 was paid to appellant and his family in salaries. As of March 14, 1987 the directory was not published and the bank informed appellant that it was returning the escrow monies pursuant to the agreement. At that time appellant consulted an attorney about filing for bankruptcy.
*460 Appellant contends that the lower court erred in denying his motion to withdraw his guilty plea. The burden placed on a defendant in such a motion increases significantly after sentencing.
In order to permit the withdrawal of a guilty plea after sentence has been entered, there must be a showing of prejudice that results in a manifest injustice to the defendant. Commonwealth v. West, 336 Pa.Super. 180, 485 A.2d 490 (1984), Commonwealth v. Middleton, 504 Pa. 352, 473 A.2d 1358 (1984). A defendant who attempts to withdraw a guilty plea after sentencing must carry the substantial burden of showing manifest injustice which is imposed in recognition that a plea withdrawal can be used as a sentence testing device. Commonwealth v. Shaffer, 498 Pa. 342, 446 A.2d 591 (1982).
Commonwealth v. Vance, 376 Pa.Super. 493, 499, 546 A.2d 632, 635 (1988). A demonstration of manifest injustice requires a showing that the plea was involuntary or was entered without knowledge of the charge. Commonwealth v. Warren, 307 Pa.Super. 221, 453 A.2d 5 (1982). When determining whether such a showing has been made, this court must look to the totality of the circumstances attendant on the entry of the plea. Commonwealth v. Shaffer, Supra.
The elements that make up the offense of theft by failure to make required disposition of funds are set out in 18 Pa.C.S.A. § 3927:
A person who obtains property upon agreement, or subject to a known legal obligation, to make specified payments or other disposition, whether from such property or its proceeds or from his own property to be reserved in equivalent amount, is guilty of theft if he intentionally deals with the property obtained as his own and fails to make the required disposition.
Appellant argues that he has established manifest injustice because he was not properly informed of the elements of the offense with which he was charged particularly the second element. We disagree. The record estab *461 lishes that appellant knew the elements of the offense when he entered his guilty plea. During the colloquy the court stated that at trial the Commonwealth would have to prove “that you obtained this money upon agreement or subject to a known legal obligation to make specific payments or to make a specific disposition of it____” This is a correct statement of the second element as defined in 18 Pa.C.S.A. § 3927.
Appellant argues that since he was unaware of a legal obligation to make certain disbursements, mens rea is lacking. This is not the law. The statute requires the appellant to have received the money under agreement or subject to a known legal obligation. In Commonwealth v. Crafton, 240 Pa.Super. 12, 367 A.2d 1092 (1976), a travel agent took funds as payment for a chartered trip, commingled those funds with working funds, and failed to maintain enough to pay the carrier airline for the trip. With respect to the second element of the offense this court stated:
The testimony at trial showed that the participants in the trip did not expect appellant to provide services herself, but, rather, expected her to make arrangements with others although they did not know whom. Appellant’s counsel brought this out several times on cross-examination. Appellant argues that this proves that appellant did not prove appellant took the money subject to a duty to disburse. We think the evidence shows the opposite, that appellant took the money knowing that she would have to disburse the funds to others. Appellant conceded at trial that the element was present and we so find.
Id., 240 Pa.Superior Ct. at 17, 367 A.2d at 1095. We see no distinction between what was established in Crafton, and what was established here. Appellant solicited funds from various businesses for the publication of a directory. Appellant had received funds under agreement to publish the directory and was to pay a third party to print this directory. When it came time to publish the directory, the funds solicited had been paid to appellant and members of his family in salaries. All the elements required by statute *462 were established in appellant’s written and oral guilty plea colloquies.
It is understandable that some confusion prevails due to the reporting of prior cases dealing with this offense. Although Commonwealth v. Crafton, 240 Pa.Super. 12, 367 A.2d 1092 (1976) correctly states and applies the law in the official Superior Court Reports, the Atlantic Reporter version of the opinion incorrectly states the first two elements of the offense as:
1) The obtaining of property of another;
2) Subject to an agreement of known legal obligation upon recipient to make specified payments or other disposition thereof.
The statutory provision defines the first two elements using the words:
[a] person who obtains property upon agreement, or subject to a known legal obligation____
By substituting “of” for “or” an entirely new meaning is given the statute. Had the statute required the property to be obtained under agreement of known legal obligation, perhaps there would be some merit to this appeal. However the statute requires only that property be received under agreement or known legal obligation. It is understandable that some confusion has resulted due to the misstatement of law contained in the Atlantic Reporter[1], but this court is constrained to apply the statute as it appears at 18 Pa.C.S.A. § 3927.
The fact that appellant was not sentenced to probation, as he had expected, does not establish the manifest injustice that is required before this court can allow his *463 guilty plea to be withdrawn after sentencing.[2] We cannot say that the guilty plea was involuntary or entered without knowledge of the charge. Commonwealth v. Warren, 307 Pa.Super. 221, 453 A.2d 5 (1982). During the plea colloquy, appellant had the benefit of present counsel, the court correctly stated the law, and appellant indicated that he understood the charges. Appellant appears not so much dissatisfied with his guilty plea as he is disappointed with his sentence. The post sentence withdrawal of a guilty plea was never intended as a sentence testing device. Commonwealth v. Shaffer, Supra. No manifest injustice is shown simply because appellant did not receive the sentence he expected.
Judgment of sentence affirmed.[3]
Dissenting opinion filed by HUDOCK, J., joined by MONTEMURO, BECK and POPOVICH, JJ.

. In Commonwealth v. Ohle, 291 Pa.Super. 110, 435 A.2d 592 (1981), this court quoted the incorrect, Atlantic Reporter, version of the Crafton, opinion. Ohle, 291 Pa.Superior Ct. at 121, 435 A.2d at 597 (citing Commonwealth v. Austin, 258 Pa.Super 461, 393 A.2d 36 (1981)). The Supreme court in Commonwealth v. Ohle, 503 Pa. 566, 470 A.2d 61 (1983) correctly cites Crafton and the statute.

. From the transcript of the guilty plea it appears that appellant expected a sentence of probation. The plea agreement provided that the commonwealth would not argue against such a sentence.

. Appellant also challenges discretionary aspects of sentencing. Since he failed to include in his brief a concise statement setting out a substantial question as to the appropriateness of the sentence under the sentencing code and the Commonwealth raised an objection to this failure, we cannot address this issue. Commonwealth v. Tuladziecki, 513 Pa. 508, 522 A.2d 17 (1987).