48

653 A.2d 24

COMMONWEALTH of Pennsylvania

v.

Anthony MOORE, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 24, 1994.

Filed Jan. 20, 1995.

Jeanette D. Dickerson, Upper Moreland, for appellant.

Mary M. Killinger, Executive Asst. Dist. Atty., Norristown, for Com., appellee.

Before POPOVICH, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

Anthony Moore appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* We affirm.

On September 21, 1990, while Moore was on parole for an unrelated offense, he was charged with possession of cocaine with intent to deliver, and he was incarcerated. On October 25, 1991, Moore entered into a negotiated guilty plea to the possession charge. Pursuant to the negotiated agreement, Moore was sentenced to a minimum of three and one-half years' imprisonment, with a retroactive commencement date of September 21, 1990. However, because the conviction for this new offense violated the conditions of Moore's parole, the Pennsylvania Board of Probation and Parole (the Board) recommitted Moore to prison to serve the remainder of his earlier sentence through September 9, 1992. In so doing, the Board changed the effective date of the new sentence from September 21, 1990, to September 9, 1992, to run consecutively to the recommitment.

Moore did not file a direct appeal or a petition to withdraw his guilty plea. Rather, Moore filed a PCRA petition seeking either modification of his sentence so that it would conform to the term imposed following his guilty plea or permission to withdraw his guilty plea. The trial court denied Moore's petition, and this appeal followed.

On appeal, Moore argues that his counsel was ineffective for failing to advise him that the Board had the authority to require that his sentence for the cocaine offense run consecutively to the recommitment sentence. *See* Brief for Appellant at 5–6, 8. Further, Moore asserts that counsel's ineffectiveness caused him to unknowingly enter into the guilty plea. *Id.* at 7. Therefore, Moore argues, his sentence should be modified in a manner that would afford him the benefit of his

bargain, or he should be permitted to withdraw his guilty plea. Nowhere in his brief to this Court does Moore argue that he is entitled to post-conviction relief because of an unlawfully induced guilty plea pursuant to 42 Pa.C.S. § 9543(a)(2)(iii). Rather, he couches his claim solely as one of ineffective assistance of counsel. *Id.* at 5–8.

■ Initially, we must determine whether this claim is cognizable under the PCRA because the PCRA limits the *types* of claims that are cognizable. *Commonwealth v. Grier,* 410 Pa.Super. 284, 286–87, 599 A.2d 993, 994 (1991). For Moore's ineffectiveness claim to be cognizable under the PCRA, Moore must plead and prove, by a preponderance of the evidence, that his sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). That requirement "constitutes 'a substantial restriction on the grounds for post-conviction collateral relief in Pennsylvania.' " *Grier, supra,* at 288, 599 A.2d at 995, quoting *Commonwealth v. Thomas,* 396 Pa.Super. 92, 98, 578 A.2d 422, 425 (1990) (comparing PCRA to its predecessor Post Conviction Hearing Act).

■ Generally, where a party has "entered a guilty plea, the truth-determining process is not implicated." *Commonwealth v. Shekerko,* 432 Pa.Super. 610, 615, 639 A.2d 810, 813 (1994). This is particularly so where a PCRA challenge relates to an accused's understanding of sentencing. In *Grier, supra,* 410 Pa.Super. 284, 599 A.2d 993, an appellant who pleaded guilty to two counts of criminal trespass and one count of criminal mischief sought relief under the PCRA. He claimed that his counsel had been ineffective for failing to introduce evidence that might have affected his sentence and for failing to preserve sentencing issues by filing a motion to modify the sentence. The court determined that these claims were not cognizable under the PCRA, finding that Grier did "not explain how [counsel's] failure undermined the truth-

determining process, nor [did he] allege that it prevented a reliable determination as to his guilt or innocence." *Grier, supra,* at 289–90, 599 A.2d at 998–99.

In the present case, Moore complains that he was not informed of the authority of the Board to require his sentence for possession to run consecutively to his recommitment for the parole violation. As in *Grier,* Moore has not alleged that this deficiency adversely affected the truth-determining process. *See also Commonwealth v. Wolfe,* 398 Pa.Super. 94, 580 A.2d 857 (1990) (claim that counsel was ineffective in formulating arguments relating to sentencing not cognizable under PCRA because claims not related to truth-determining process).

Moreover, "[w]e have interpreted [§ 9543(a)(2)(ii) ] to mean that an ineffectiveness claim brought under the PCRA must raise a question of whether an 'innocent individual' has been convicted." *Commonwealth v. Tanner,* 410 Pa.Super. 398, 406, 600 A.2d 201, 205 (1991), *appeal denied,* 530 Pa. 654, 608 A.2d 29 (1992). For example, in *Commonwealth v. Harvey,* 407 Pa.Super. 545, 595 A.2d 1280, *appeal denied,* 530 Pa. 652, 608 A.2d 28 (1991), the appellant argued that he was entitled to relief under the PCRA because counsel's ineffectiveness had caused him to plead guilty. Specifically, he alleged that counsel was ineffective for failing to inform him that the charges against him, based on several separate incidents, could be severed upon motion. The court found that the claim *was* cognizable under the PCRA. It reasoned that "the argument that the jury could have been unduly prejudiced by the sheer number of charges pending before the court at once challenges the truth determining process." *Id.* 407 Pa.Super. at 549 n. 2, 595 A.2d at 1283 n. 2. Thus, the ineffectiveness claim was cognizable under the PCRA because the ineffectiveness related to the factfinder's ability to determine the guilt or innocence of the accused. *See also Commonwealth v. Nelson,* 393 Pa.Super. 611, 574 A.2d 1107 (1990) (counsel's ineffectiveness for failing to challenge admissibility of incriminating evidence and then advising appellant to plead guilty undermined the truth-determining process and entitled appellant to relief under the PCRA).

Here, Moore's understanding of the Board's sentencing authority could not have aided him in persuading a factfinder of his innocence or guilt. Further, Moore has not alleged that counsel's failure to inform him of the Board's sentencing authority related in any way to the truth-determining process that would have occurred absent his plea. *Cf. Tanner, supra* (claim that counsel was ineffective for failing to advise Tanner of his right to take appeal to the Pennsylvania Supreme Court was not cognizable under PCRA because Tanner did not explain how truth-determining process or reliability of determination of guilt was implicated). Accordingly, Moore has failed to plead and prove facts sufficient to support a claim that is cognizable under the PCRA.

■ Lastly, we note that, had Moore raised a cognizable claim, whether based on ineffective assistance of counsel or an unlawfully induced guilty plea, we would find it to be without merit. Moore contends that he was not informed that the effective date of the bargained-for sentence could be changed by the Board. However, the record does not support this contention. During the guilty-plea colloquy, the following exchange occurred:

[Defense Attorney]: One specific point, Mr. Moore, it's my understanding that you are on parole in two jurisdictions.

Do you understand that?

[Moore]: Yes, sir.

[Defense Attorney]: And you understand by pleading guilty here today you could be—very well would be in violation of those paroles and you could receive separate consideration and sentences pursuant to your plea today?

[Moore]: Yes, sir.

N.T., Guilty Plea, dated October 25, 1991, at 7. Furthermore, at the conclusion of the guilty plea hearing, the judge reminded Moore that, "more than likely you will be violated by [Pennsylvania] as well as ... New York. *Id.* at 24. Therefore, Moore's contention that he did not know that he could

receive separate consideration on sentencing for parole violations is without merit.

Based upon the foregoing, we affirm the denial of Moore's PCRA petition.

Order affirmed.

POPOVICH, J., files a Dissenting Opinion.

POPOVICH, Judge, dissenting.

I respectfully dissent from the opinion of the majority which concluded that appellant failed to plead and prove facts sufficient to raise a cognizable claim for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541, *et seq.* To the contrary, I am convinced not only that appellant has raised a cognizable PCRA claim, but also that his claim is meritorious. Accordingly, I would reverse the decision of the court below, vacate appellant's sentence and remand for resentencing in accordance with the provisions of this dissenting opinion.

I certainly agree with the majority that the PCRA limits the types of claims which are eligible for relief. 42 Pa.C.S.A. § 9543; *see also, Commonwealth v. Grier,* 410 Pa.Super. 284, 286–287, 599 A.2d 993, 994 (1991). Presently, the majority analyzes appellant's claim strictly under 42 Pa.C.S.A. § 9543(a)(2)(ii), which permits relief when a conviction resulted from, "Ineffective assistance of counsel which, in circumstances of the particular case, so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Herein, appellant contends that his guilty plea was not knowing and voluntary because his counsel was ineffective for failing to inform him that his sentence could not run concurrently with any "back-time" [1] from prior sentences, and because the court and the Commonwealth failed to comply with the terms of a plea bargain. Thus, I would find that appellant has raised a cognizable claim

---

1. "Back-time" is the common term for the balance of a parole violator's sentence as originally imposed which must be served prior to the commencement of a newly imposed sentence on unrelated charges. 61 Pa.S.A. § 331.21a.

pursuant to 42 Pa.C.S.A. § 954(a)(2)(iii) which provides relief from a conviction or sentence which resulted from, "A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty."

My conclusion concerning appellant's eligibility for relief under the PCRA is supported by the recent case of *Commonwealth v. Shekerko*, 432 Pa.Super. 610, 639 A.2d 810 (1994), wherein we reviewed the merits of a claim which was similar to appellant's pursuant to 42 Pa.C.S.A. § 9543(a)(2)(ii). Therein, we stated:

> Because Shekerko entered a guilty plea, the truth-determining process is not implicated. Thus, we confine our review to Shekerko's claim under section 9543(a)(2)(iii), concerning the lawfulness of his guilty plea.

In *Shekerko, supra*, we found that the petitioner raised a cognizable PCRA claim when he alleged that prior counsel was ineffective for misleading him about the possible maximum range of his sentence. *Shekerko*, 432 Pa.Super. 615, 639 A.2d at 813, 814. Similarly, I would find that appellant is eligible for PCRA relief since he alleged that his plea was not knowing and voluntary because of counsel's ineffective stewardship, i.e., failing to advise appellant that he must serve his "back-time" before he could begin to serve his present sentence. Moreover, to the extent that appellant's PCRA petition directly attacks the validity of his guilty plea by alleging that the Commonwealth and the lower court failed to comply with a plea bargain, appellant's case is clearly within the ambit of 42 Pa.C.S.A. § 9543(a)(2)(iii), and is remarkably similar to the case of *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441 (1976) (post-conviction petition for relief raises cognizable claim where defendant contends his guilty plea was involuntary because of breached plea agreement).

The majority cites *Grier*, 599 A.2d at 994–995, and *Commonwealth v. Wolfe*, 398 Pa.Super. 94, 580 A.2d 857 (1990), for the proposition that appellant has not raised a cognizable claim because he merely raised issues regarding his sentenc-

ing. However, those cases are inapposite to the present facts. Certainly, appellant seeks a sentence which complies with the alleged plea bargain. However, appellant's claim does not implicate the discretionary aspects of his sentence from which no PCRA claim would arise, *Grier, supra,* 410 Pa.Super. 284, 599 A.2d 993, and *Wolfe, supra,* 398 Pa.Super. 94, 580 A.2d 857, but, rather, appellant's claim questions the voluntariness of his guilty plea because he did not receive the sentence which he was promised. In this regard, appellant's claim is on-all-fours with the claim raised in *Zuber, supra,* 466 Pa. 453, 353 A.2d 441, wherein our Supreme Court ruled upon the merits of the post conviction petition.

Having determined that appellant has raised a cognizable PCRA claim, we must determine whether appellant's guilty plea was unlawfully induced under circumstances which made it likely that the inducement caused appellant to plead guilty. 42 Pa.C.S.A. § 9543(a)(2)(iii). Appellant complains that he had entered into a plea bargain with the Commonwealth to the effect that, in exchange for his plea, he would be sentenced to a minimum of three and one-half years in a state correctional institution, he would not be transferred to a state prison for thirty days, no fine would be imposed, one charge would be nol prossed, *and the effective date of his sentence would be September 21, 1990, the day he was initially incarcerated on the charges sub judice.* The record reflects that appellant correctly summarizes his plea agreement, and the lower court stated:

> Mr. Moore, you have heard Mr. Hayden [the district attorney] indicate the terms and conditions of your plea, that in exchange for your guilty plea to a violation of the Controlled Substance Act you would receive a negotiated minimum sentence of three and a half years in a State Correctional Institution with credit for time served of your arrest and the Commonwealth would also be waiving the fine. And that would be the extent of the agreement, Mr. Moore.

N.T., 10/25/91, pp. 4–5.

In fact, the lower court accepted appellant's guilty plea and immediately thereafter imposed a sentence consistent with the plea agreement. N.T., 10/25/91, pp. 23–24. Eventually, however, appellant was informed by the Pennsylvania Board of

Probation and Parole that he had to serve his "back-time" for violating parole before he could begin to serve his sentence of the current convictions. Appellant contends he was never informed that he could not begin serving his present sentence until after serving his "back-time", and he pleaded guilty under the mistaken belief that his sentence would begin on September 21, 1991, rather than September 9, 1992, that date on which he completed serving the balance of his prior sentence.

I discern no significant difference between the present case and *Zuber, supra.* Therein, Zuber alleged that his plea was involuntarily induced by the Commonwealth's promise to request the State Board of Parole to permit the his present sentence to run concurrently with appellant's "back-time". The court reiterated the terms of Zuber's plea in open court and imposed sentence. However, pursuant to 61 Pa.S.A. § 331.21a, Zuber was required to serve the remainder of his prior sentence before his new sentence could commence. Accordingly, our Supreme Court held that Zuber's plea was unlawfully induced by a promise which neither the Commonwealth nor the court could keep. Our high court then remanded the case for resentencing in a manner which would give effect to the plea agreement. *Zuber,* 466 Pa. 463, 353 A.2d at 446.

Similarly, appellant contends that he believed he would begin to serve his present sentence from the initial date of his incarceration. The Commonwealth agreed to this part of the bargain, and the court sentenced appellant accordingly. Nowhere in the record did appellant's counsel, the Commonwealth or the court inform appellant that it was legally impossible to serve the sentences concurrently.[2] Consequently, I am convinced that appellant's plea was involuntarily induced, and I would remand for resentencing.

2. I note that appellant was informed at the time of his plea that his present conviction would result in a violation of his parole. N.T., 10/25/91, pp. 7, 24. However, he was never told how his parole violation would affect his current sentence.