**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENYATTA WRIGHT | : | |
| | : | |
| Appellant | : | No. 180 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 6, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001943-2024

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: JANUARY 26, 2026**

Kenyatta Wright appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his convictions of two counts of endangering welfare of children (EWOC).[1]  Wright's counsel, Kristen Weisenberger, Esquire, has filed an application to withdraw as counsel and an accompanying **_Anders_**[2] brief.  After review, we grant Attorney Weisenberger's application to withdraw and affirm Wright's judgment of sentence.

On the evening of February 12, 2024, Wright and his paramour were under the influence of edibles and THC oil.  At 6:31 p.m., Wright's paramour called 911 because she believed the edibles were going to kill her.  As a result,

---

[1] 18 Pa.C.S.A. § 4304(a)(1).

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. McClendon_**, 434 A.2d 1185 (Pa. 1981); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

an ambulance and police arrived and took Wright's paramour to the hospital. Inside the house were three children a ten-year-old boy, a seven-year-old boy, and a three-year-old girl.

Sometime prior to the police arriving, Wright left the house with a fourth child, a nine-month-old infant girl. Police made contact with Wright and he refused to return to the house but informed the police that he left the nine-month-old with his "smoking buddy, Hector." N.T. Guilty Plea & Sentencing Hearing, 1/6/25, at 15. Eventually, police were able to locate the nine-month-old at Hector's mother's home.

Wright was charged with four counts of EWOC. Wright proceeded *pro se* and filed several pre-trial motions, all of which were denied by the trial court. Ultimately, on January 6, 2025, Wright entered into a hybrid guilty plea wherein the Commonwealth agreed to withdraw two counts of EWOC as well as an unrelated disorderly conduct case that was pending before the local magistrate. In return, Wright agreed to plead guilty to two counts of EWOC. There was no agreement between Wright and the Commonwealth on sentencing.

Wright immediately proceeded to sentencing, and the trial court sentenced him at each EWOC conviction to concurrent periods of six to twelve months in the Dauphin County Jail with credit for time served. Wright did not file a post-sentence motion.

Wright filed a timely *pro se* notice of appeal. On February 27, 2025, this Court remanded for the trial court to conduct a **Grazier**[3] hearing to determine whether Wright wished to proceed *pro se* or with counsel. **See** Order, 2/27/25, at 1. Upon remand, the trial court conducted a **Grazier** hearing, after which it appointed Attorney Weisenberger to represent Wright on appeal and directed Attorney Weisenberger to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Attorney Weisenberger filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an **Anders** brief.

Attorney Weisenberger subsequently filed, with this Court, an application to withdraw as counsel and a brief pursuant to **Anders**. Wright did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Wright's issues on appeal, we must determine whether Attorney Weisenberger has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1243 n.2 (Pa. Super. 2009) ("[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw"). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, she must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the

_____

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 3 -

record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney Weisenberger has complied with each of the technical requirements of *Anders*/*Santiago*. Attorney Weisenberger indicates that she has made a conscientious examination of the record and

- 4 -

determined that an appeal would be frivolous. The record further reflects that Attorney Weisenberger has furnished a copy of the **Anders** brief to Wright and advised him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, the **Anders** brief complies with the requirements of **Santiago**. As Attorney Weisenberger has substantially complied with all of the requirements for withdrawing from representation, we will examine the record and make an independent determination of whether Wright's appeal is, in fact, wholly frivolous.

In the **Anders** brief, Attorney Weisenberger raises two issues. **See Anders** Brief, at 5. In the first issue, Wright argues that the trial court lacked subject matter jurisdiction to accept his guilty plea. **See id.** at 14-15. In particular, Wright asserts that the Dauphin County Court of Common Pleas had no jurisdiction to accept his guilty plea or hear his case. **See id.** We disagree.

Generally, a guilty plea constitutes a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the plea. **See Commonwealth v. Harvey**, 595 A.2d 1280, 1282 (Pa. Super. 1991). However, a defendant can never waive subject matter jurisdiction, and the defendant or the court may raise it at any stage in the proceedings. **See Commonwealth v. Little**, 314 A.2d 270, 272 (Pa. 1974). Any challenge to a court's subject matter jurisdiction presents a

question of law and, therefore, our review is *de novo*. **See Commonwealth v. Jones**, 929 A.2d 205, 211 (Pa. 2007).

There are two requirements for subject matter jurisdiction as it relates to criminal defendants:  (1) the competency of the court to hear the case; and (2) the provision of specific and formal notice to the defendant of the crimes charged. **See id.** at 211-12.  Furthermore, our Supreme Court has expressly held "all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code." **Commonwealth v. Bethea**, 828 A.2d 1066, 1074 (Pa. 2003).  In **Bethea**, the Supreme Court further explained that venue is distinct from subject matter jurisdiction.  **See id.** at 1074-75 (explaining distinctions between subject matter jurisdiction and venue).  In short, subject matter references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient. **See id.**  Additionally, this Court has stated "a county court of common pleas has jurisdiction over offenses that take place within its borders." **Commonwealth v. Kohler**, 811 A.2d 1046, 1050 (Pa. Super. 2002) (citations omitted).

Here, Wright committed his crimes of EWOC in Dauphin County, was charged in Dauphin County, and was arrested in Dauphin County.  Indeed, no part of these offenses or proceedings occurred outside of Dauphin County. Thus, it is beyond cavil that the Dauphin County Court of Common Pleas was competent to hear his case that occurred solely within its borders. **See Kohler**, **supra**; **Bethea**, **supra**; Pa. Const. Art. V, § 5 (providing court of

- 6 -

common pleas with unlimited original jurisdiction, except where otherwise provided by law). Moreover, our review of the record reveals that Wright received specific and formal notice of the charges that he was facing when the Commonwealth filed the criminal complaint and criminal information. Accordingly, we conclude that the trial court had subject matter jurisdiction over Wright's case and guilty plea, and any challenge to such jurisdiction is frivolous.

In his second issue, Wright challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See* *Commonwealth v. Austin*, 66 A.3d 798, 807-08 (Pa. Super. 2013).

Rather, when an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary issue,

> [this Court conducts] a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Wright filed a timely notice of appeal. However, Wright did not raise an objection at the time of sentencing, nor did he file a post-sentence

- 7 -

motion raising this claim. **See Commonwealth v. Gibbs**, 981 A.2d 274, 282-83 (Pa. Super. 2009) (challenge to discretionary aspects of sentence waived when appellant failed to preserve challenge at sentencing or post-sentence motion). Accordingly, Wright has not properly invoked this Court's jurisdiction, and his discretionary sentencing claim is not preserved for our review. **See id.**; **see also Moury**, **supra**.

Nevertheless, we review the merits of Wright's claim as part of our independent review of the record.[4] **See Dempster**, **supra**. Our review of the record reveals that the trial court, although it did not have the benefit of a pre-sentence investigation report, was aware of the requisite sentencing factors. **See** 42 Pa.C.S.A. § 9721(b) (providing sentencing court shall consider "protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant"). In particular, the Commonwealth and Wright informed the trial court of his prior criminal history, employment, family life, children, and struggles with marijuana and THC abuse, as well as the offense gravity scores of the offenses and the standard guideline ranges. **See** N.T. Guilty Plea & Sentencing Hearing, 1/6/25, at 15-22. Indeed, the record reflects that the trial court sentenced Wright in the mitigated range for both EWOC convictions, imposed them concurrently, and credited him with

_____

[4] We note that Attorney Weisenberger has included a Rule 2119(f) statement in the **Anders** brief.

- 8 -

time served.  ***See id.***  Thus, we discern no abuse of discretion, and we conclude that this claim is frivolous.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated."  ***Dempster***, 187 A.3d at 272.  As such, we grant Attorney Weisenberger's application to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed.  Application to withdraw granted.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 01/26/2026