J-S29028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER LEE HARRIS | |
| Appellant | No. 1586 WDA 2014 |

Appeal from the PCRA Order September 17, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008631-2011

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED JUNE 05, 2015**

Appellant, Christopher Lee Harris, appeals from the September 17, 2014 order, denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand for further proceedings.

A prior panel of this Court summarized the relevant factual background of this case as follows.

> Harris lived with the victim, Alison Studvant, on the 1500 block of Marlboro Avenue in Wilkinsburg. N.T., 1/30/12, at 28.  On July 1, 2011, Harris, his girlfriend, the victim, and the victim's boyfriend, were drinking.  *Id*. at 31.  After the victim's boyfriend departed, the victim solicited Harris and his girlfriend for a group sexual encounter, and allegedly attempted to kiss Harris's

_____

[*] Retired Senior Judge assigned to the Superior Court.

girlfriend. *Id*. at 31-35. Harris, angered by the victim's interaction with his girlfriend, and at the sexual solicitation, began arguing with the victim. *Id.* at 38. The victim then left the room, went into the kitchen, returned with two knives, and began swinging the knives around. *Id.* Harris then approached the victim and attempted to disarm her. *Id.* at 40. In the process of attempting to disarm the victim, Harris was cut on the arm, cheek and under his eye. *Id.* Harris and the victim continued arguing, and when the victim left the room and went upstairs, Harris leaned out of the front door and fired four shots into the air. *Id.* at 40-41, 43. The victim returned downstairs minutes later, and more arguing ensued. *Id.* The victim continued swinging knives and struck Harris in the wrist and face. *Id.* Harris then took several steps backwards, and, although aware of his opportunity to leave the premises, raised his gun to the victim's upper torso and fired twice, striking her in the left breast. *Id.* at 93. The victim slumped against the wall, and when she attempted to regain her footing, Harris shot her in the ankle. *Id.* at 93-94. The victim subsequently died from her injuries.

Harris was arrested and charged with one count of criminal homicide. Harris filed a pre-trial motion to suppress his statements to the police, which the trial court subsequently denied. On February 1, 2012, at the conclusion of a jury trial, Harris was found guilty of third-degree murder. [On April 30, 2012, t]he trial court sentenced Harris to 10 to 20 years in prison, with credit granted for 304 days of time served. Subsequently, [on May 1, 2012,] Harris filed a [timely] post-sentence [m]otion for a new trial, in which he challenged the sufficiency and weight of the evidence supporting his conviction. The trial court denied the [m]otion [on August 14, 2012].

*Commonwealth v. Harris*, 82 A.3d 1083 (Pa. Super. 2013) (unpublished

memorandum at 1-3), *appeal denied*, 81 A.3d 75 (Pa. 2013). Appellant filed

a timely notice of appeal, and this Court affirmed Appellant's judgment of sentence on July 30, 2013. *Id.* Our Supreme Court denied Appellant's petition for allowance of appeal on December 4, 2013. *Id.* Appellant did not seek a writ of *certiorari* from the United States Supreme Court.

On May 6, 2014, Appellant filed a timely *pro se* PCRA petition. Therein, Appellant alleged that trial counsel provided ineffective assistance at sentencing, specifically alleging the following.

> [Trial counsel] had no reasonable basis for suggesting [to the trial court] that [Appellant's] sentence [should] start above the standard range on the guidelines where prior to making that suggestion, [trial] counsel stated facts of [Appellant]'s no prior criminal history[,] no run-in's [sic] with the police[,] leading the [trial] court to consider the mitigating circumstances for a possible mitigated sentence of seventy-eight (78) months.

Appellant's PCRA Petition, 5/6/14, at ¶ 22. The PCRA court appointed counsel, who on August 5, 2014, filed a petition to withdraw as counsel along with a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. The next day, on August 6, 2014, the PCRA court entered two orders, one granting PCRA counsel's petition to withdraw and another issuing notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a timely *pro se* response on August 18, 2014, in which he alleged that PCRA counsel was ineffective for misrepresenting his

ineffectiveness claim to the PCRA court. Appellant's Rule 907 Response, 8/18/14, at ¶ 10. On September 17, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition without a hearing. On September 25, 2014, Appellant filed a timely *pro se* notice of appeal.[1]

On appeal, Appellant raises the following issue for our review.

> I.    Whether the [PCRA] court erred in dismissing Appellant's PCRA [petition] without an evidentiary hearing where Appellant raised an issue of arguable merit concerning sentencing and PCRA counsel's ineffectiveness[?]

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this

---

[1] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[2]  U.S. Const. amend. VI. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel.  **See generally Strickland v. Washington**, 466 U.S. 668, 686 (1984); **Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." **Fears**, **supra** at 804 (brackets in original; citation omitted).  To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa.

---

[2] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …."  Pa. Const. art. I, § 9.  Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment.  **Pierce**, **supra** at 976.

2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013) (citation omitted), *cert. denied*, *Elliott v. Pennsylvania*, 135 S. Ct. 50 (2014).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion. *Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (citation omitted), *cert. denied*, *Roney v. Pennsylvania*, 135 S. Ct. 56 (2014).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (internal citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Roney*, *supra* at 605 (citation omitted).

Appellant's argument in the instant appeal essentially is divided into two parts. First, Appellant argues that "PCRA counsel was ineffective for

- 6 -

misconstruing his sole PCRA issue as a challenge to the discretionary aspects of sentencing." Appellant's Brief at 10. Second, Appellant argues that he is entitled to an evidentiary hearing on his underlying claim of trial counsel ineffectiveness. *Id.* at 13-14. We elect to address Appellant's issues in reverse order for ease of disposition.

In his second issue, Appellant argues that trial counsel was ineffective when she "suggest[ed] a sentence 30-42 months above the minimum and/or mitigated range sentence." Appellant's Brief at 11. Instantly, the parties agree that Appellant's prior record score was zero, and the offense gravity score was 14. Commonwealth's Brief at 20. Furthermore, with the application of the deadly weapon enhancement, the standard range of the guidelines was from 90 to 240 months' imprisonment. After presenting various witnesses and mitigating evidence, trial counsel stated the following to the trial court.

> Your Honor, as you can see from the Pre-sentence Report, this is [Appellant's] first contact with the criminal justice system. Never arrested as a juvenile or adult prior to this one. He did have a registered firearm, license to carry that firearm.
>
> This was definitely a tragic event that occurred, probably one that could have been avoided. I'm sure Your Honor recalls the testimony, the testimony from the trial, and the level of intoxication that was present in the victim; and that certainly doesn't excuse or explain this all. It's just another fact for the [trial c]ourt to consider.

> [Appellant] does have one short statement. He would like to show remorse for what happened here.
>
> For those reasons, Your Honor, his guidelines start at 90 months. **I would suggest a sentence starting at 120 months.**

N.T., 4/30/12, at 9-10 (emphasis added). This was the sentence Appellant received. *Id.* at 16.

Our research has not uncovered any cases in which a court has examined this specific ineffectiveness claim. However, our cases have held counsel to be ineffective when trial counsel **fails** to object to an erroneously higher calculated standard guideline range. *Commonwealth v. Barnes*, 593 A.2d 868, 871 (Pa. Super. 1991); *Commonwealth v. McMullen*, 530 A.2d 450, 453 (Pa. Super. 1987). In our view, it follows, *a fortiori*, that a claim of ineffectiveness that trial counsel **affirmatively** recommended that the trial court impose a higher sentence than the lower end of the **correct** standard range, likewise has arguable merit. One could argue that by doing so, counsel is affirmatively advocating against her client's interests, which is potentially ineffective.

As noted above, the PCRA court in this case did not hold an evidentiary hearing to ascertain whether trial counsel had any strategic reason for recommending a ten-year sentence when the guidelines started at seven and one-half years. It is not for this Court to speculate on this prong of the **Strickland**/**Pierce** framework in the first instance. Nor do we have any

basis upon which to ascertain whether Appellant suffered any prejudice, as the trial judge who imposed the sentence, and who presided over the PCRA proceedings, is now retired from the bench. Importantly, the trial judge retired before he could author a Rule 1925(a) opinion in this case.

Given the state of the record, we conclude the best course of action is to vacate and remand for the evidentiary hearing, so that trial counsel can testify as to whether there was a reasonable basis for her recommendation. After said hearing, the PCRA court can make a determination, based on the full record, as to whether counsel had such a reasonable basis, and whether Appellant suffered any prejudice.[3]

We next address Appellant's claim of PCRA counsel ineffectiveness, as it will affect his representation status on remand. As a first-order matter, we note that this Court has held a PCRA petitioner may preserve a claim of PCRA counsel ineffectiveness by raising it in response to the PCRA court's Rule 907 notice. **Commonwealth v. Rykard**, 55 A.3d 1177, 1189 (Pa. Super. 2012). As Appellant did so here, we may address this argument on appeal. **See generally** Appellant's Rule 907 Response, 8/18/14, at ¶ 10. Furthermore, a claim of PCRA counsel ineffectiveness requires Appellant to satisfy the same three-prong test under the **Strickland**/**Pierce** framework. **Id.** Here, Appellant argues that PCRA counsel was ineffective when she

---

[3] The Commonwealth notes at the end of its brief that it does not oppose a remand for an evidentiary hearing. Commonwealth's Brief at 27-28.

misconstrued the ineffectiveness of counsel claim to the PCRA court. Appellant's Brief at 10, 12.

Appellant's *pro se* PCRA petition only raised one claim, that trial counsel was ineffective for recommending a higher sentence than the lower end of the guidelines' standard range. Appellant's PCRA Petition, 5/6/14, at ¶¶ 20-24. However, in her **Turner**/**Finley** letter, PCRA counsel characterized Appellant's claim as one pertaining to trial counsel's failure to preserve a discretionary aspects of sentencing issue for his direct appeal.

> [Trial counsel] did file a post-sentence motion and direct appeal on [Appellant]'s behalf; she did not, however, include a claim that the 120-month minimum sentence imposed was excessive. On that basis, an argument can be made, albeit futile, that counsel rendered ineffective assistance for failing to preserve the sentencing issue.
>
> While counsel's statement suggesting a 120-month minimum sentence as opposed to a 90-month minimum term may have been less than prudent, the sentencing court exercised its discretion and imposed a legal sentence, well within the standard range of the Sentencing Guidelines. Accordingly, even if a claim of ineffectiveness would have been made relative to counsel's failure to preserve the discretionary sentencing issue for consideration, such claim would fail.

PCRA Counsel's **Turner**/**Finley** Letter, 8/6/14, at 5.[4]

_____

[4] The **Turner**/**Finley** letter also discussed a claim regarding the United States Supreme Court's decision in **Blakely v. Washington**, 542 U.S. 296 (2004). Appellant has not raised that claim in this appeal.

We agree with Appellant that PCRA counsel misconstrued his claim to the PCRA court. On its face, Appellant's PCRA petition directly accused trial counsel of being ineffective, as counsel "had no reasonable basis for suggesting that [Appellant's] sentence to [sic] start above the standard range on the guidelines …." Appellant's PCRA Petition, 5/6/14, at ¶ 22. Appellant had not made any claim that trial counsel was ineffective for not preserving the issue of whether the sentence recommended by trial counsel was excessive. PCRA counsel's *Turner*/*Finley* letter does not contain any substantive discussion of the issue Appellant raised in his PCRA petition except to call trial counsel's recommendation "less than prudent[.]" PCRA Counsel's *Turner*/*Finley* Letter, 8/6/14, at 5.

Furthermore, in analyzing the second prong of *Strickland*, we fail to see how misinterpreting Appellant's claim to the PCRA court, in a *Turner*/*Finley* letter or otherwise, furthers Appellant's interests at all. Therefore, we must conclude there could be no reasonable basis for PCRA counsel to have taken this course of action in her *Turner*/*Finley* letter.

Finally, we conclude Appellant was prejudiced by PCRA counsel's *Turner*/*Finley* letter. In its Rule 907 notice, the only basis the PCRA court gave for its notice of intent to dismiss without a hearing was PCRA counsel's *Turner*/*Finley* letter and its own review of the record. PCRA Court's Rule 907 Notice, 8/6/14, at 1. In its final order dismissing Appellant's petition, the PCRA court based its decision to dismiss on PCRA counsel's

*Turner*/*Finley* letter, ***Commonwealth v. Moore***, 653 A.2d 24 (Pa. Super. 1995), *appeal dismissed*, 684 A.2d 122 (Pa. 1996) and ***Commonwealth v. Eaddy***, 614 A.2d 1203 (Pa. Super. 1992), *appeal denied*, 626 A.2d 1155 (Pa. 1993). ***Moore*** dealt with a claim of ineffectiveness for failure to inform the defendant that the Board of Probation and Parole could order his sentences to run consecutively. ***Moore***, ***supra*** at 25. ***Eaddy*** dealt with non-ineffectiveness claims pertaining to sufficiency of the evidence and the Speedy Trial Clause of the Sixth Amendment. ***Eaddy***, ***supra*** at 1206. The Commonwealth candidly concedes it does not understand the relevance of these two cases, and neither do we. Commonwealth's Brief at 25. Because the PCRA court relied almost exclusively on PCRA counsel's ***Turner***/***Finley*** letter in deciding to dismiss without an evidentiary hearing, we conclude Appellant was prejudiced by PCRA counsel's performance. Therefore, on remand, the PCRA court shall appoint new counsel for Appellant.

Based on the foregoing, we conclude that the PCRA court abused its discretion in dismissing Appellant's petition without first conducting an evidentiary hearing. ***See Roney***, ***supra***. We further hold that PCRA counsel rendered ineffective assistance in misconstruing Appellant's claim of ineffective assistance to the PCRA court. ***See Rykard***, ***supra***. Accordingly, the PCRA court's September 17, 2014 order is vacated, and the case is remanded for further proceedings, consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/5/2015</u>