J-S02034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SANTIAGO PEDROSO | : | |
| | : | |
| Appellant | : | No. 1552 EDA 2018 |

Appeal from the PCRA Order May 4, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012715-2013

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED APRIL 1, 2019**

Appellant, Santiago Pedroso, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In its opinion, the PCRA court correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them. We add that Appellant filed a motion to suppress on January 28, 2015, which the court denied after a hearing on February 23, 2015.  On April 30, 2018, Appellant file a *pro se* petition for an extension of time to file an amended PCRA petition.  Appellant filed a *pro se* amended PCRA petition on May 14, 2018, without leave of court.  Appellant timely filed a *pro se* notice of appeal on May 21, 2018.  That same day, the PCRA court ordered Appellant to file a

concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(b). Appellant timely complied *pro se* on May 31, 2018.

Appellant raises the following issues for our review:

> DID THE [PCRA] COURT ERR[] WHEN IT FAILED TO GRANT [APPELLANT'S] EXTENSION OF TIME MOTION IN ORDER TO FILE AN AMENDED PCRA PETITION WHEN PCRA COUNSEL FILED AN "AMENDED ***TURNER/FINLEY*** NO-MERIT LETTER" WITHOUT LEAVE OF COURT ON MARCH 21, 2018, AFTER [THE PCRA COURT HAD ENTERED RULE] 907 NOTICE TO DISMISS AND [APPELLANT HAD FILED A *PRO SE* RULE] 907 RESPONSE? WAS AMENDMENT OF THE PCRA PETITION REQUIRED TO ACHIEVE SUBSTANTIAL JUSTICE?
>
> DID THE [PCRA] COURT ERR[] WHEN IT FOUND TRIAL AND PCRA COUNSEL EFFECTIVE? DID THE [PCRA] COURT ERR[] WHEN IT FOUND [APPELLANT]'S ISSUE OF [TRIAL] COUNSEL PROVIDING INEFFECTIVE ASSISTANCE FOR FAILING TO ARGUE SUPPRESSION OF [APPELLANT]'S STATEMENT TO POLICE?
>
> DID THE [PCRA] COURT ERR[] WHEN IT FAILED TO FIND THAT TRIAL AND PCRA COUNSEL BOTH PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THEY BOTH FAILED TO COMMUNICATE THE POTENTIAL PLEA BARGAIN THAT THE COMMONWEALTH OFFERED?
>
> DID THE [PCRA] COURT ERR[] WHEN IT FAILED TO FIND PCRA COUNSEL PROVIDED INEFFECTIVE ASSISTANCE FOR FAILING TO ARGUE THE HEAT OF PASSION DOCTRINE? AND WAS [APPELLATE] COUNSEL INEFFECTIVE FOR FAILING TO BRIEF AND ARGUE THE HEAT OF PASSION DOCTRINE ON DIRECT APPEAL...?
>
> DID THE [PCRA] COURT ERR[] WHEN IT FAILED TO FIND TRIAL COUNSEL INEFFECTIVE FOR FAILING TO MOTION THE COURT PURSUANT PA.R.CRIM.P. 588? AND WAS PCRA COUNSEL INEFFECTIVE FOR FAILING TO ARGUE [TRIAL] COUNSEL'S INEFFECTIVENESS FOR FAILING TO MOTION FOR THE RETURN OF [APPELLANT'S] CONFISCATED MONEY PURSUANT TO RULE 588?

> DID THE [PCRA] COURT ERR[] WHEN IT FAILED TO FIND PCRA COUNSEL INEFFECTIVE FOR FAILING TO ARGUE TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO PROTECT [APPELLANT] BY REQUESTING A COLLOQUY BEFORE STIPULATING TO MULTIPLE STIPULATIONS AT [APPELLANT'S] JURY TRIAL, THEREBY VIOLATING [APPELLANT'S] CONSTITUTIONAL RIGHTS?

(Appellant's Brief at 9-10).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012); Pa.R.Crim.P. 907. The court has broad discretion to grant or deny a petition for an extension of time to file an amended PCRA petition. Pa.R.Crim.P. 905(a); *Commonwealth v. Padden*, 783 A.2d 299, 308 (Pa.Super. 2001).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of the questions presented. (*See* PCRA Court Opinion, filed August 17, 2018, at 5-11) (finding: **(1 and 6)** by filing notice of appeal on May 21, 2018, Appellant deprived PCRA court of opportunity to vacate PCRA denial order and grant motion to file amended petition; further, Appellant had opportunity to raise new issues in his response to Rule 907 notice and raised all but one of proposed new issues in his response to Rule 907 notice; only claim in proposed amended PCRA petition that Appellant had not previously raised was ineffective assistance of trial counsel for stipulating to certain trial testimony without conducting colloquy with Appellant; Appellant's proposed claim is without merit and would not have entitled Appellant to PCRA relief, where colloquy on stipulations is not required unless stipulations are equivalent to admissions of guilt; **(2)** record demonstrates trial counsel moved to suppress Appellant's statement to police, which court denied after evidentiary hearing; record shows Appellant's statement was voluntary and court properly denied suppression motion; therefore, claim lacks arguable merit; **(3)** prior to trial, Commonwealth offered plea deal to Appellant to drop first degree murder charge in exchange for guilty plea to third degree murder and various firearms charges; trial court conducted oral plea colloquy; during colloquy, court asked Appellant if trial

counsel had explained plea offer to him, and Appellant responded, "Yes, he explained it to me"; Appellant subsequently rejected plea offer; record makes clear trial counsel conveyed plea offer to Appellant, and Appellant knowingly rejected plea; therefore, this claim is frivolous; **(4)** on direct appeal, Superior Court rejected Appellant's claim that he was entitled to jury instruction on voluntary manslaughter because trial evidence did not support it; counsel cannot have been ineffective for failing to argue claim; **(5)** Appellant has failed to allege how counsel's failure to move for return of his property undermined truth-determining process; therefore, Appellant's complaint is not cognizable PCRA claim).  Accordingly, we affirm based on the PCRA court opinion.

Order affirmed.  Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/19

**FILED**

2018 AUG 17 PM 3: 05

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNA.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF                     :        CP-51-CR-0012715-2013
PENNSYLVANIA                        :
                                    :
                                    :
        v.                          :
                                    :
                                    :        CP-51-CR-0012715-2013 Comm. v. Pedroso, Santiago
SANTIAGO PEDROSO                    :        Opinion
                                    :
                                    :        8151545491
                   OPINION

BRONSON, J.                                  August 17, 2018

On February 25, 2015, following a jury trial before this Court, defendant Santiago

Pedroso was convicted of one count each of first degree murder (18 Pa.C.S. § 2502(a)), carrying

a firearm without a license (18 Pa.C.S. § 6106), carrying a firearm on a public street in

Philadelphia (18 Pa.C.S. § 6108), and possessing an instrument of crime (18 Pa.C.S. § 907). The

Court immediately imposed the mandatory sentence of life in prison for the murder charge (18

Pa.C.S. § 1102(a)(1)), and imposed no further penalty on the remaining charges. Defendant was

represented at trial, sentencing, and on appeal by Richard J. Giuliani, Esquire.

On May 17, 2016, the Superior Court affirmed defendant's judgment of sentence, and on

September 27, 2016, the Supreme Court denied *allocatur*. Defendant then filed a *pro se* petition

under the Post Conviction Relief Act ("PCRA") on May 19, 2017. On October 11, 2017,

Stephen T. O'Hanlon, Esquire was appointed to represent defendant. On November 18, 2017,

pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), Mr. O'Hanlon filed a

letter stating there was no merit to defendant's claims for collateral relief ("*Finley* letter"). On

January 12, 2018, the Court issued notice, pursuant to Pa.R.Crim.P. 907 ("907 Notice") of its

intention to dismiss defendant's petition without a hearing. On February 2, 2018, defendant filed

a response to the Court's 907 Notice. Mr. O'Hanlon thereafter filed a supplemental *Finley* letter on March 21, 2018. On May 4, 2018, the Court dismissed defendant's PCRA petition and granted Mr. O'Hanlon's motion to withdraw his appearance.

Defendant has now appealed the Court's dismissal of his PCRA Petition, alleging that: 1) the Court erred when it did not grant defendant's motion for an extension of time to file an Amended PCRA Petition; 2) trial counsel was ineffective for failing to argue the suppression of defendant's police statement; 3) trial counsel was ineffective for failing to communicate a potential plea agreement to defendant; 4) the trial court abused its discretion when it failed to instruct the jury on voluntary manslaughter, and trial counsel was ineffective for failing to effectively argue for such an instruction; 5) trial counsel was ineffective for failing to motion the Court for the return of defendant's property; and 6) trial counsel was ineffective for failing to request a colloquy before entering into multiple stipulations at trial. Statement of Matters Complained of on Appeal (Pa.R.A.P. 1925(b)) ("Statement of Matters") at ¶¶ 1-6. In addition, for claims 2-6, defendant claims that PCRA counsel was ineffective for failing to raise these issues in an Amended Petition. *Id.* at ¶¶ 2-6. For the reasons set forth below, defendant's claims are without merit or are waived, and the Court's order dismissing his PCRA petition should be affirmed.

## I. FACTUAL BACKGROUND

The factual background of this matter is set forth in the Court's Rule 1925(a) opinion filed in defendant's direct appeal as follows:

> At trial, the Commonwealth presented the testimony of Philadelphia Police Officers Richard Keen, Carlos Cruz, Deatrice Kennedy (ret.), and Clyde Jones, Walter White, Jeffrey Minio, and Rachel Pedroso. Defendant presented the testimony of Philadelphia Police Officer Justin Kensey. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence established the following.

2

On June 21, 1992, at approximately 7:30 p.m., defendant and his daughter, Rachel Pedroso, were having a Father's Day dinner at The Hathaway Inn, at 515 West Chelten Avenue.[1] N.T. 2/24/15 at 58; 2/25/15 at 44. While they were eating dinner, defendant talked to Rachel about the relationship between defendant's wife, Maria Gomez, and Delores Alvarez. N.T. 2/25/15 at 52, 72, 130. Alvarez had moved to Philadelphia from California and had previously lived with defendant, Rachel and Gomez. N.T. 2/25/15 at 52-53. About one month prior to the Father's Day dinner, Rachel, Gomez and Alvarez had moved out of the home because defendant believed that Alvarez was having a lesbian affair with Gomez and defendant wanted Alvarez out of the house. N.T. 2/25/15 at 51-54.
As defendant and Rachel were talking at dinner, Gomez and Alvarez entered the restaurant. N.T. 2/25/15 at 44, 131. Upon seeing Gomez and Alvarez, defendant stated, "God sent her to me" and left the restaurant with Rachel, returning to his home approximately one block away. N.T. 2/25/15 at 44, 54-56, 131. Defendant then went into the basement and, before leaving the house, told Rachel, "I'm sorry I have to do this, but I'm doing this because of you, because you don't want to come live with me." N.T. 2/25/15 at 55, 132. Defendant also told Rachel to stay at his house, as he didn't want her to see what he was going to do. N.T. 2/25/15 at 132.

Defendant then returned to the restaurant, with Rachel following him saying, "daddy no, daddy, no." N.T. 2/24/15 at 92; 2/25/15 at 56-57. Rachel continually attempted to get defendant not to return to the restaurant, but defendant repeatedly pushed her away. N.T. 2/25/15 at 57, 132. Defendant then entered the restaurant, approached Gomez and Alvarez, pulled out a gun and shot Alvarez five times. N.T. 2/24/15 at 56, 92-93; 2/25/15 at 58-59, 115-120, 132-133. Defendant used a black .38 caliber revolver to shoot Alvarez. N.T. 2/24/15 at 61; 2/25/15 at 121-122. Defendant then turned the gun on Gomez, but Rachel interposed herself between them and defendant lowered the gun. N.T. 2/25/15 at 58, 133. Defendant told Gomez that he would not shoot her because of their daughter. *Id.* Defendant then left the restaurant on foot. N.T. 2/24/15 at 93, 2/25/15 at 58. Rachel identified her father to police shortly after the shooting. N.T. 2/25/15 at 62-63, 136.

Following the shooting, defendant fled from the United States, eventually being arrested more than twenty-one years later in the Philippines. N.T. 2/25/15 at 124-126. Upon being returned to Philadelphia, defendant provided a statement to police, in which defendant admitted that he had shot Alvarez and fled the scene. N.T. 2/24/15 at 104, 110, 115-117. Defendant stated that he had used a .38 caliber revolver. N.T. 2/24/15 at 115. Defendant then admitted that he had fled Philadelphia, traveling first to New York City, then the Dominican Republic, then Venezuela, and finally to the Philippines, where he had remarried. N.T. 2/24/15 at 117. Defendant claimed in his statement that he only fired his gun after being

---

[1] As defendant and Rachel share the same last name, Rachel will be identified by her first name, in order to avoid confusion.

shot at by Alvarez. N.T. 2/24/15 at 115. However, no firearm was ever recovered from Alvarez. N.T. 2/25/15 at 29-30, 124.

Trial Court Opinion, filed May 28, 2015, at pp. 2-3.

## II. DISCUSSION

An appellate court's review of a PCRA court's grant or denial of relief "is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error. *Commonwealth v. Green*, 14 A.3d 114, 116 (Pa. Super. 2011) (internal quotations omitted). The reviewing court "will not disturb findings that are supported by the record." *Id.*

Here, the majority of defendant's claims pertain to the alleged ineffective assistance of counsel. Under Pennsylvania law, counsel is presumed to be effective and the burden to prove otherwise lies with the petitioner. *Commonwealth v. Reid*, 99 A.3d 427, 435 (Pa. 2014). To obtain collateral relief based on the ineffective assistance of counsel, a petitioner must show that counsel's representation fell below accepted standards of advocacy and that as a result thereof, the petitioner was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In Pennsylvania, the *Strickland* standard is interpreted as requiring proof that: (1) the claim underlying the ineffectiveness claim had arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice. *Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987)). To satisfy the third prong of the test, the petitioner must prove that, but for counsel's error, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Sneed*, 899 A.2d 1067, 1084 (Pa. 2006) (citing *Strickland*, 466 U.S. at 694). If the PCRA court determines that any one of the three prongs cannot be met, then the court need not hold an evidentiary hearing as such a hearing would serve

4

no purpose. *Commonwealth v. Jones*, 942 A.2d 903, 906, *appeal denied*, 956 A.2d 433 (Pa. 2008).

### A. Court Error for Failing to Grant Defendant's Motion for Extension of Time to File Amended PCRA Petition

Defendant first claims that the Court erred "when it failed to Grant the Petitioners [sic] Extension of Time Motion in order to file an Amended PCRA Petition..." Statement of Matters at ¶ 1. This claim is without merit.

The motion that defendant is referring to, while postmarked April 30, 2018, was not received by the Court until May 10, 2018, approximately six days after defendant's PCRA petition had already been dismissed. Although the Court could have vacated its dismissal order and granted defendant's motion, defendant deprived the Court of jurisdiction to do so by appealing the dismissal order on May 21, 2018, before the Court ruled on defendant's motion. *See* 42 Pa.C.S. § 5505 ("[A] court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

Moreover, defendant's request to raise new issues could have been timely raised by asserting them in his response to the Court's 907 notice. In fact, defendant *did* raise all but one of the new issues in the 907 response. The only claim in the proposed amended petition that had not already been raised and rejected by defense counsel and the Court was a claim that trial counsel was ineffective for stipulating to certain testimony at trial without conducting a colloquy with defendant. *See* Amended PCRA Petition Pursuant to Pa.R.Crim.P. 905(A) at pp. 27-37. That one issue was clearly without merit and would not have entitled defendant to PCRA relief. *See Commonwealth v. Davis,* 322 A.2d 103, 105 (Pa. 1974); *Commonwealth v. Bridell,* 384 A.2d

5

942, 944 (Pa. Super. 1978) (colloquy with defendant regarding stipulations is not required unless the stipulations are the equivalent of an admission of guilt).

Accordingly, the Court could not have erred in failing to grant defendant's motion for an extension of time to file an amended petition, since the court was without jurisdiction to grant such relief due to the pendency of the instant appeal. In any event, all of the claims in the proposed amended petition are without merit. No relief is due.

*B. Failure to Argue for the Suppression of Defendant's Police Statement*

Defendant next claims that trial counsel was ineffective for "failing to argue the Suppression of Petitioners [sic] Statement to Philadelphia Homicide Detectives[.]" Statement of Matters at ¶ 2. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue this issue. *Id.*

Defendant's claim, as stated, is frivolous. The record demonstrates that trial counsel *did* make a pre-trial motion to suppress defendant's statement to police, which the Court denied after an evidentiary hearing. *See* Motion to Suppress, filed February 21, 2015; N.T. 2/23/15 at 4-64. Moreover, defendant could not make a cognizable PCRA claim that the Court erred in denying his suppression motion since that claim could have, but was not, raised on direct appeal. 42 Pa.C.S. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, [or] on appeal"); see *Commonwealth v. Lambert*, 797 A.2d 232, 240 (Pa. 2001). Defendant could have, however, raised a claim in his PCRA petition that appellate counsel was ineffective for failing to raise the suppression issue on direct appeal. Such a claim, however, would be meritless.

Defendant claimed in his pretrial motion to suppress that his statement should be suppressed since it was not voluntarily given. In particular, defendant argued that his will was

6

overborne due to the length of time he was in custody and the circumstances of his confinement prior to giving the statement. Motion to Suppress, filed February 21, 2015; N.T. 2/23/15 at 4-5.

"[T]he standard for determining whether a statement is voluntary is based on the totality of the circumstances and considers, among other things, whether the defendant was coerced or manipulated or promised something in exchange for his confession; essentially...whether the defendant freely made the decision to give the statement." *Commonwealth v. Ogrod*, 839 A.2d 294, 320 (Pa. 2003); *see also Commonwealth v. Johnson*, 107 A.3d 52, 93 (Pa. 2014) (noting totality of the circumstances also includes defendant's mental and physical condition). "When a defendant alleges that his waiver or confession was involuntary, the question 'is not whether the defendant would have confessed without interrogation, but whether the interrogation was so manipulative or coercive that it deprived the defendant of his ability to make a free and unconstrained decision to confess.'" *Commonwealth v. Sepulveda*, 55 A.3d 1108, 1137 (Pa. 2012) (quoting *Commonwealth v. Templin*, 795 A.2d 959, 966 (Pa. 2002)). Moreover, "'[i]n reviewing a ruling on a suppression motion, the standard of review is whether the factual findings and legal conclusions drawn therefrom are supported by the evidence.'" *Commonwealth v. Wholaver*, 989 A.2d 883, 896 (Pa. 2010) (quoting *Commonwealth v. Bronshtein*, 691 A.2d 907, 913 (Pa. 1997)). Additionally, "[w]here the record supports the findings of the suppression court, [the reviewing court] is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error." *Commonwealth v. Ligons*, 971 A.2d 1125, 1148 (Pa. 2009).

Here, the record demonstrates that defendant's statement was voluntary. First, Officer Justin Kensey testified that he met defendant at Philadelphia International Airport, following defendant's transport from the Philippines to Los Angeles to Philadelphia. N.T. 2/23/15 vol. 2 at

7

7-9. The officer first met defendant at 6:35 A.M. and then took defendant to Philadelphia Police Headquarters Homicide Division, where they arrived at 6:58 A.M. N.T. 2/23/15 at 10-11. The officer denied that defendant was in any sort of distress or in need of medical treatment. Finally, the officer testified that neither he nor his partner, Officer Dave Boyd communicated with defendant at any time during their encounter. N.T. 2/23/15 at 12-13. Next, Detective Carlos Cruz testified that prior to interviewing defendant, he orally, in Spanish, advised defendant of his *Miranda* rights. N.T. 2/23/15 at 26-29. Moreover, defendant was again advised of his *Miranda* rights in writing, which were written in both English and Spanish. N.T. 2/23/15 at 30-33. Defendant did not show any difficulty in understanding, nor did he appear to be under the influence of any drugs or alcohol, or suffering from any mental illness. N.T. 2/23/15 at 29. Finally, the record is devoid of any credible evidence that defendant was abused or mistreated during his time at Homicide. Detective Cruz testified that he first met with defendant at 1:30 P.M. and that defendant's formal interview began a short time later, at approximately 2:00 P.M. N.T. 2/23/15 at 23. Defendant's interview was concluded at 3:25 P.M. *Id.* During his time at Homicide, defendant was given coffee and the opportunity to use the restroom. N.T. 2/23/15 at 13, 30. At no time, did defendant appear to be under any physical or mental distress. N.T. 2/23/15 at 29, 35.

Accordingly, the record shows that under the totality of the circumstances defendant freely made the decision to give his statement to detectives. Therefore, defendant's suppression motion was without merit and was properly denied by the Court. For that reason, appellate counsel could not have been ineffective for failing to raise the issue on direct appeal, and PCRA counsel could not have ineffective for failing to argue it. No relief is due.

8

*C. Failure to Communicate Plea Bargain to Defendant*

Defendant next claims that trial counsel was ineffective for failing "to Communicate the potential plea bargain that the Commonwealth offered[.]" Statement of Matters at ¶ 3. Additionally, defendant claims that PCRA counsel was ineffective for failing to argue this issue. *Id.* Defendant's claims are frivolous.

Prior to trial, the Commonwealth conveyed an offer to drop the first degree murder charge in exchange for defendant pleading guilty to third degree murder and various firearms charges. N.T. 2/23/15 voir dire vol. 1 at 5-6. The Court conducted a colloquy, during which it explained to defendant that if he pled guilty, his maximum exposure would be 17 ½ to 35 years in prison.[2] N.T. 2/23/15 voir dire vol. 1 at 6. Moreover, during the colloquy, when the Court asked defendant whether trial counsel had explained the offer to him, defendant responded, "Yes, he explained it to me." N.T. 2/23/15 voir dire vol. 1 at 6. Defendant thereafter rejected the offer. *Id.* Accordingly, the record is clear that trial counsel did convey the Commonwealth's offer to defendant and that defendant knowingly rejected the offer. Therefore, PCRA counsel could not have been ineffective for failing to argue a frivolous claim. No relief is due.

*D. Failure to Effectively Argue for a Voluntary Manslaughter Instruction*

Defendant next claims that the trial court "abuse[d] its discretion when it failed to instruct the jury on Voluntary Manslaughter – Heat-of-Passion Doctrine[.] Statement of Matters at ¶ 4. Additionally, defendant claims that trial counsel failed to effectively argue for the instruction. *Id.* Finally, defendant claims that PCRA counsel was ineffective for failing to argue these issues. *Id.* All three claims are without merit.

As to the trial court abusing its discretion in refusing to instruct the jury on voluntary manslaughter, this claim was raised in defendant's direct appeal and rejected by the Superior

---

[2] The maximum sentences were those in effect on June 21, 1992, the date of the murder here at issue.

9

Court. That court specifically determined that "the evidence would not have supported a verdict of voluntary manslaughter." *See* Superior Court Opinion, filed May 17, 2016, at pp. 3-7. Because this claim was previously litigated on defendant's direct appeal, it is not cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(3) & 9544(a)(2); *see Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016). Moreover, because the Superior Court determined that defendant was not entitled to the instruction, trial counsel could not have been ineffective for the manner in which he argued for the instruction. For the same reason, PCRA counsel cannot have been ineffective for failing to argue this claim. Accordingly, no relief is due.

### E. Failure to Motion Court for Return of Defendant's Property

Defendant next claims that trial counsel was ineffective for failing "to Motion the Court for the Return of [Defendant's] Confiscated $7,869.00..." Statements of Matters at ¶ 5. In addition, defendant claims that PCRA counsel was ineffective for failing to argue this issue. *Id.* For defendant's ineffectiveness claim to be cognizable under the PCRA, defendant "must plead and prove, by a preponderance of the evidence, that his sentence resulted from '[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Moore*, 653 A.2d 24, 25 (Pa. Super. 1995) (quoting 42 Pa.C.S. § 9543(a)(2)(ii)) (emphasis omitted). Here, defendant has failed even to allege how the failure to motion for the return of his property undermined the truth-determining process. Accordingly, defendant has failed to raise a cognizable claim under the PCRA. No relief is due.

### F. Failure to Request a Colloquy Prior to Entering into Multiple Stipulations

Defendant finally claims that trial counsel was ineffective for "failing to protect the Petitioners [sic] right to a fair Trial by requesting a Colloquy before Stipulating to Multiple

stipulations at the Petitioners [sic] Jury Trial." Statement of Matters at ¶ 6. In addition, defendant claims that PCRA counsel was ineffective for failing to argue this issue. *Id.*

Defendant failed to raise these claims in the PCRA court until he stated them in an amended petition that he filed on May 14, 2018, 10 days after his PCRA petition had already been dismissed, and the very same day that he filed a notice of appeal challenging that dismissal. By that time, the PCRA court was without jurisdiction to consider his claims due to the pendency of the instant appeal. Because defendant never timely presented these claims to the PCRA court, they have been waived. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084-85 (Pa. Super. 2014) (issues not raised in the PCRA court in a PCRA petition, amended petition, or 907 response, are waived and cannot be raised for the first time on appeal). In any event, as stated above, defendant's claims arising out of counsel's stipulations during the trial are clearly meritless. *See* Section A, above, at p. 5.

## III. CONCLUSION

For all of the foregoing reasons, the Court's order dismissing defendant's PCRA Petition should be affirmed.

BY THE COURT:

GLENN B. BRONSON, J.

11

Commonwealth v. Santiago Pedroso         CP-51-CR-0012715-2013
Type of Order: 1925(a) Opinion

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

**Defense Counsel/Party:**

        Santiago Pedroso
        LX-2657
        SCI Greene
        175 Progress Drive
        Waynesburg, PA  15370

Type of Service: ( ) Personal ( ) First Class Mail (X) Other, please specify: *Certified Mail*

**District Attorney:**

        Lawrence Goode, Esquire
        Interim Supervisor, Appeals Unit
        Office of the District Attorney
        Three South Penn Square
        Philadelphia, PA 19107-3499

Type of Service: ( ) Personal () First Class Mail (X) Other, please specify: *Interoffice*

**Additional Counsel/Party:**

        Joseph D. Seletyn, Esquire
        Prothonotary
        Office of the Prothonotary – Superior Court
        530 Walnut Street, Suite 315
        Philadelphia, PA 19106

Type of Service: ( ) Personal (X) First Class Mail ( ) Other, please specify:

**Dated: August 17, 2018**

Kaitlin D. Shire
Law Clerk to Hon. Glenn B. Bronson